1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

LINDA L. STEPHENSON,                           Case No.:  C13-1150 RSM

9

        Plaintiff,

10

    vs.

ORDER ON MOTION TO DISMISS

11

FIRST AMERICAN TITLE INSURANCE
COMPANY; MORTGAGE ELECTRONIC

12

REGISTRATION SYSTEMS, INC.; and
HOMECOMINGS FINANCIAL LLC,

13

14

        Defendants.

15

## I.    INTRODUCTION

16

      This matter comes before the Court on Defendant First American Title Insurance

17

Company's ("First American") motion to dismiss for failure to state a claim pursuant to Fed. R.

18

Civ. P. 12(b)(6). Dkt. # 11. Although First American is no longer a party to this dispute,

19

Defendant Mortgage Electronic Registration System, Inc. ("MERS") joined the motion and seeks

20

dismissal of Plaintiff's claims against it as time barred. Dkt. # 15. For the reasons that follow, the

21

motion will be GRANTED in part and DENIED in part.

22

ORDER ON MOTION TO DISMISS  - 1

## II.   BACKGROUND

As alleged by Plaintiff Linda Stephenson in her First Amended Complaint ("FAC") (Dkt. # 2), on August 25, 2005, she executed a promissory note ("Note") and Deed of Trust in connection with purchase of property located at 905 Christopher Lane, Pasco, WA 99301. Dkt. # 2, ¶ 8. The Deed of Trust identified the mortgage lender as Homecomings Financial Network, Inc. ("Homecomings") and the trustee as Benton-Franklin Title Company. *Id.*; Ex. B. The Deed of Trust also named MERS as nominee beneficiary on behalf of the lender. *Id.*; Ex. B at p. 3.

Beginning December 1, 2006, Ms. Stephenson fell behind on her mortgage payments. *Id.* at ¶ 9. On or about March 9, 2006, First American issued a Notice of Default stating the amount owed was $6,618.86. *Id.* at ¶ 11. Ms. Stephenson alleges that she paid that amount to the lender and that she confirmed that her cure payment was received by Homecomings. *Id.* at ¶¶ 12-13. On March 2, 2007, MERS recorded an Appointment of Successor Trustee under Auditor's File No. 1698426 in Franklin County, Washington, appointing First American as successor trustee. *Id.* at ¶ 10; Ex. C. Despite her conversations with Homecomings, First American recorded a Notice of Trustee's Sale. *Id.* at ¶ 13; Ex. D. The sale of her home took place on July 13, 2007. *Id.* at ¶ 14; Ex. E.

Ms. Stephenson filed this lawsuit on July 9, 2013, roughly six years after sale occurred, seeking money damages. She asserts claims for breach of contract, violation of the Washington Deed of Trust Act ("DTA"), violation of the Washington Consumer Protection Act ("CPA"), and fraud. The core of the FAC is directed to MERS's presence on the Deed of Trust and its status as an ineligible beneficiary under Washington law. Defendant First American filed the instant motion to dismiss on the grounds that all claims are time barred. MERS joined the motion, but

First American and Homecomings have each been dismissed from the lawsuit. *See* Dkt. ## 23, 32. MERS is the only remaining defendant.

### III.    DISCUSSION

**A. Legal Standard**

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). The Court is not, however, bound to accept the plaintiff's legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

**B.    Analysis**

A statute-of-limitations defense may be raised in motion to dismiss if "it is apparent from the face of the complaint" that the limitations period has expired. *Seven Arts Filmed Entertainment Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980). MERS contends that the allegations of the FAC make clear that the two-year statute of limitations imposed by RCW

ORDER ON MOTION TO DISMISS  - 3

1  61.24.127 has run on all of Ms. Stephenson's claims. Although she does not address the import

2  of this statute, Ms. Stephenson argues that because the sale of her home was void *ab initio*, her

3  claims are not time barred. Alternatively, the FAC alleges that the claims are not time barred

4  because Ms. Stephenson did not know that she had a cognizable cause of action against the

5  Defendants until the Washington Supreme Court decided *Bain v. Metropolitan Mortg. Grp., Inc.*,

6  285 P.3d 34 (Wash. 2012). Dkt. # 2, ¶ 15.

7        1.  RCW 61.24.127

8        In 2009, the Washington State Legislature enacted RCW 61.24.127. The statute preserves

9  claims for damages where a borrower elects not to restrain a trustee's sale. Such claims include

10  claims against the trustee for violating the Deed of Trust Act, claims for common law fraud or

11  misrepresentation, and claims brought pursuant to Title 19 RCW, which includes alleged

12  violations of the CPA. RCW 61.24.127(1). These "non-waived" claims are subject to a two-year

13  statute of limitations that runs "from the date of the foreclosure sale" unless there is an applicable

14  statute of limitations for the claim that expires earlier. RCW 61.24.127(2). The statute took effect

15  on July 26, 2009. 2009 Wash. Legis. Serv. Ch. 292.

16        First American conducted the trustee's sale of Ms. Stephenson's property on July 13,

17  2007. It contends that RCW 61.24.127's two-year statute of limitations began to run on Ms.

18  Stephenson's claims for violation of the DTA, violation of the CPA, and for fraud,[1] on July 26,

19  2009, the date that statute took effect. Dkt. # 11, p. 5 (citing Washington case law for the rule

20  that for claims that accrued before a statute takes effect, the new limitations period runs from the

21  effective date of the new statute).

22

[1] Ms. Stephenson's breach of contract claim was asserted only against the lender, Homecomings, who has since been dismissed from the case.

ORDER ON MOTION TO DISMISS  - 4

1    The FAC alleges that under *Bain*, MERS was an ineligible beneficiary of the Deed of

2    Trust and lacked legal authority to appoint First American as the successor trustee. Because

3    MERS lacked such authority, Ms. Stephenson asserts that the trustee's sale was void *ab initio*

4    and thus her legal challenge may be brought without concern for any applicable statute of

5    limitations. However, this Court has already rejected Ms. Stephenson's position. *See Gaylean v.*

6    *Northwest Trustee Serv's, Inc.*, No. C13-1359 MJP, 2014 WL 1416864, *10 (discussing case law

7    and concluding that allowing a stale challenge to an improper non-judicial foreclosure without

8    regard for the appropriate limitations period would be "completely contrary to the current state of

9    jurisprudence").

10    The FAC makes clear that the non-waiver statute's two-year limitations period bars Ms.

11    Stephenson's claims against First American under the DTA and the CPA, and her fraud claim.

12    However, with respect to the DTA claim, only claims brought against the trustee are properly

13    "not-waived" under the statute. The argument presented in First American (the trustee)'s motion

14    is not applicable to MERS. Although MERS joined the motion, it has not provided any argument

15    specific to whether the Court should dismiss the DTA claim asserted against MERS, a non-

16    trustee defendant. *See Mickelson v. Chase Home Fin. LLC*, C11-1445MJP, 2012 WL 1301251,

17    *5 (W.D. Wash. Apr. 16, 2012) *reconsideration denied,* 901 F. Supp. 2d 1286 (W.D. Wash.

18    2012). Accordingly, the DTA claim against MERS will not be dismissed.

19    As to the CPA and fraud claims, both are expressly preserved by the non-waiver statute

20    and therefore subject to its two-year limitations period. Even assuming the limitations began to

21    run on the effective date of the statute, Ms. Stephenson's limitations period ran, at the latest, on

22

ORDER ON MOTION TO DISMISS  - 5

July 26, 2011. Her initial Complaint was filed almost two years after this date. Thus, the CPA and fraud claims are time barred.

2.  Discovery Rule

By alleging that the claims are not time barred because Ms. Stephenson did not know the nature of her claim until *Bain* was decided, the FAC invokes application of the discovery rule to toll the two-year limitations period. Under the discovery rule, a cause of action does not accrue until a plaintiff knows, or has reason to know, the factual basis for the cause of action. *Bowles v. Wash. Dept. of Ret. Sys.,* 121 Wash.2d 52, 79–80, 847 P.2d 440 (1993).

The discovery rule does not save Ms. Stephenson's claims. First, "where the legislature has clearly delineated the event that starts the running of the limitations period," the discovery rule does not apply. *Mickelson*, 2012 WL 1301251 at *5 (quoting *In re Parentage of C.S.*, 139 P.3d 366, 369 (Wash. Ct. App. 2006)). The legislature has clearly marked the triggering event that starts the clock for preserved claims under the non-waiver statute as the date of the foreclosure sale. *Id.*; RCW 61.24.127.

Second, Ms. Stephenson was aware or should have been aware of the factual basis of her claims, at the very latest, when her property was sold in 2007. Although she urges the Court to toll the limitations period on the basis that she could not have known that she had a cognizable cause of action until after *Bain* was decided, discovery of the legal cause action is not the applicable test. The discovery rule tolls the limitations period from the time a plaintiff learns the facts underlying the claim, not when the plaintiff discovers that the claim may be legally viable. *Cox v. Oasis Physical Therapy, PLLC*, 222 P.3d 119, 126 (Wash. Ct. App. 2009). The FAC demonstrates that Ms. Stephenson either knew or should have known the relevant facts

ORDER ON MOTION TO DISMISS  - 6

1   underlying her claims by at least July of 2007 when her home was sold at foreclosure, which was

2   two years after she signed the Deed of Trust that listed MERS as beneficiary, and several months

3   after MERS publicly record the appointment of First American as successor trustee. Thus, the

4   discovery rule is inapplicable and the CPA and fraud claims will be dismissed with prejudice as

5   time barred.

6                                  **IV.    CONCLUSION**

7          Having considered the motion, the response and reply thereto, MERS' notice of joinder,

8   and the balance of the file, the Court hereby finds and ORDERS:

9          (1) As to Defendant MERS, the Motion to Dismiss (Dkt. # 11) will be GRANTED IN

10              PART and DENIED IN PART;

11         (2) The CPA and Fraud claims will be dismissed with prejudice.

12

13         Dated this 25th day of June 2014.

14

15

16                                         RICARDO S. MARTINEZ
                                           UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

ORDER ON MOTION TO DISMISS  - 7